Et per curiam,

Haywood and Stobte, Justices
The danse of the ad upon which this plea is grounded, is in the act of 1782, c. 11, s. 2. it directs “That no writ shall be served by ihe Sheriff, unless he has a copy of the bill ready to deliver to the Defendant; and he is hereby required to deliver the said copy immediately after the service of the said writ; nor shall any service be valid, unless it. be made at least ten days before the term at which the Defendant is required to appear ; aud where service is by subpoena, the Defendant shall be served with a copy of the bill, at least ten days before such term : in failure of any of which requisitions, the Defendant may plead the matter in abatement, and the bill shall be dismissed.” The intent of this clause is to allow the Defendant ten days time to consider of the defence proper for him n> make — to employ the necessary counsel, and draw his answer, plea or demurrer. The Legislature supposed that all these ‘hitigs could not be done in a .shorter time in most cases; and this time they have secur'd to him under the penalty of a dismission of the Plaintiff’s bill, in case of an attempt to shorten the time allowed by law. The mischief intended to be avoided, is, that of forcing the Defendant to make a defence before, he has time to preps-re for it. These provisions are similar to those maiie for a similar purpose in the act of 1777, c. 2. s. 14, where process at law, returnable to the- Superior Court, is directed to he executed ten days before the beginning *332 of the terra ; and if otherwise executed, that it shall be adjudged void upon the. plea of the Defendant. And in section 74 of the same act, where process returnable, to the County Codrt, is directed to be executed at least five days before the return. thereof; and if executed at any oilier time, that it may be abated on the plea of the Defendant. These several clauses being all intended for the same purpose, it is proper that the construction put upon them should be uniform. Now it has never been deemed to be the meaning of the clauses in the act of 1777, that process issued in time to the Sheriff, and returned unex-ecuted, should be abated by the plea of the Defendant, but an alias issues. The process is only abateable under the operation of these clauses, where it hath been expedited within the times pre,scribed j or in oilier words, where it has been served in less than ten or five days before the..commencement of die term. As the inconvenience arising from shortness of time, was that only which was intended to be avoided by the act of 1782, and is n« greater in an Equity suit than in a suit at law, there can be no reason why a non-execution of process by the officer in the former case, should subject the Plaintiff to a dismission of his suit, any sooner than it will subject the Plaintiff to an abatement of his suit in the latter — especially as the expression of the acts in both cases is confined to a service of process within the ten days, and not to a non-execution of process before the term. The words of the act of 1782, are, “Nor shall any service he valid, unless it be made at least ten days before the term.” The act here speaks of service actually made, and says it shall be invalid if not made a certain time before the term. It says nothing of the case of a non-execution of process.— The words of 1777, s. 14, are, “ And símil he executed at least ten days” before the beginning of such term.— The words of s. 74, are, “And .shall be executed at least five days before the return thereof” — all expressive of the same thing, namely, a service within the time, or a shorter time before the next term than the act directs. Were this pica allowed, it would establish the docrine, that whenever a Defendant in Equity could be apprised of a bill filed, and process taken out, he might, by withdrawing or concealing himself from the Sheriff until the arrival of the term, cause a dismission of the Plaintiff’s bill; though were it an action at law, tin* consequence would he otherwise. It would also establish tins other equally absurd *333 doctrine, that an officer by neglecting to serve an Equity process, might subject the Plaintiff to a dismission of bis suit and costs, when the same neglect in process ai law, would produce no other inconvenience to the Plaintiff shan delay. But surely it could never be the intent of the act of 1782, to make the Plaintiff’s suit in Equity depend for its continuance in court, either upon the pleasure of the officer, or the honesty or the generosity of the Defendant, neither could the act mean to dismiss the suit, unless for some irregularity prejudicial to the Defendant, which the non-execution of process upon him is not; for that has only the effect of giving him longer time, and is an advantage to him. Moreover, the Defendant is to fake advantage of the irregularity or failure mentioned in <he act, by pleading it in abatement, both by the act of 1782, and the clauses in the act of 1777 ; but" the rule is well known, that a Defendant cannot plead until he is called into court for that purpose by a service of process, unless he appears voluntarily, and the Plaintiff will accept of such appearance. This evinces the meaning of the act to he, that the plea in abatement is to be by a person served with process, and for an irregular service of process? not á pleading by a person not served with process at all, and who for that reason in legal contemplation, is not in court. It points directly to the case of process actually served, hut within ten days next before the term. This plea does not disclose that case, but another, a total non-execution of process, which is to be remedied by a continuation or re-issuing of process, and cannot according to the true meaning of this act cause a dismission of the suit. So the plea was overruled.
Note. — This case is recognized and approved, in Worthington v. Colhane, 2 Car. Law Repos. 68.